No. 23,065.

## W. N. PENLAND, *Appellee*, v. THE BARRETT COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. CONTRACT—*Putting Roof on Schoolhouse—Sufficiency of Petition.* The petition alleged facts sufficient to show that a contract had been entered into between the plaintiff and the defendant.

2. SAME—*Demurrer to Plaintiff's Evidence Properly Overruled.* There was sufficient evidence tending to show that a contract had been entered into between the plaintiff and the defendant to warrant the court in overruling the demurrer to the plaintiff's evidence.

3. SAME—*Contract Made Through Agent—Agent's Authority—Fact for Jury.* There was evidence sufficient to warrant the court in submitting to the jury the question of the agency of third parties to enter into a contract binding the defendant.

4. SAME—*Existence of Contract—Issue of Fact for Jury.* There was sufficient evidence to warrant the court in directing the jury to find whether or not there was a contract between the plaintiff and the defendant.

Appeal from Osborne district court; WILLIAM R. MITCHELL, judge. Opinion filed June 11, 1921. Affirmed.

*J. K. Mitchell,* of Osborne, and *John N. Davis,* of Kansas City, Mo., for the appellant.

*J. L. Travers,* and *Edgar C. Bennett,* both of Osborne, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for damages on account of a defective roof laid by the defendant, a corporation, on a school building being erected by the plaintiff for a school district in Osborne county. The defendant appeals.

1. The defendant complains of an order overruling a demurrer to the plaintiff's petition which alleged in substance that the defendant contracted with the plaintiff to put a Barrett Specification roof on a school building at Natoma being erected by the plaintiff, and alleged that the offer of the defendant to construct the roof was contained in a letter, and that the

offer was accepted by the plaintiff. The letter was as follows:

"W. N. Penland, Osborne, Kansas.

"Dear Sir:

"The Barrett Co., have requested us to submit a figure on applying a Barrett Specification roof on school bldg. you have under contract at Natoma, Kansas. We propose to furnish the specification material, pay all freights and other expense, and apply a twenty-year roof over boards for the sum of Nine dollars ($9.00) per square. This would leave you to furnish gravel or Joplin chatts. Either would fulfill specifications. Suppose you will be using more or less chatts for cement floors, etc. You would require for the roof about 300 lbs. to the square. We would be pleased to hear from you. Resp.

"A. J. Shirk Roofing Co. Geo. F. Moeller, Prest."

The defendant argues that the petition alleged that the contract was made with the defendant, but that in contradiction thereto the letter showed that the contract was made with the A. J. Shirk Roofing Company. An examination of the letter reveals that it states that the proposition contained therein was submitted at the request of the defendant. There was no allegation in the petition that the Shirk Roofing Company was the agent of the defendant, but a reasonable interpretation of the letter is that the Shirk Roofing Company was acting for the defendant when the offer contained in the letter was made. If the letter and the allegations of the petition are construed together, as they should be, it will be seen that they are not contradictory to, but are harmonious with each other. It must be held that the petition alleged a contract with the defendant, and stated a cause of action.

2. At the close of the plaintiff's evidence the defendant's demurrer thereto was overruled. To support this demurrer the defendant argues that there was no evidence to show that the defendant had contracted with the plaintiff to put a roof on the school building. The evidence of the plaintiff tended to prove that the proposition contained in the letter, which has been set out, was accepted by him; that when the roof was first laid the defendant had a representative present who directed the work; that the roof proved defective and caused the damage for the recovery of which the plaintiff commenced this action; that the defendant put a new roof on the building; that when the first roof was completed the A. J. Shirk Roofing Company reported to the defendant the amount of material

that had been received from it for the purpose of laying the roof, the amount that had been used, and the amount that was returned; that after the first roof had been laid and it had been discovered that it was defective, correspondence took place between the plaintiff and the defendant which resulted in a new roof being put on by the defendant; that when the first roof was completed the defendant gave a surety bond to the school district guaranteeing the roof for a period of twenty years; and that in the bond the defendant agreed that it would at its own expense make any repairs which might become necessary to maintain the roof for that period. The evidence was sufficient to compel the court to submit to the jury all matters that were in issue, and the demurrer to the evidence was properly overruled.

3. The defendant contends that the court erroneously instructed the jury concerning the agency of the A. J. Shirk Roofing Company. Those instructions were as follows:

"An agent who acts without authority from his principal does not bind the principal unless the principal after full knowledge of what the agent did accepts or approves the acts of the agent or accepts the benefit of the unauthorized act, and in this case if you find by the greater weight of all the evidence that the defendant accepted the acts or things done, if any, by A. J. Shirk & Co. or accepted and received the fruits of the acts of the said A. J. Shirk & Co. in its (defendant's) behalf, if any, then the defendant would be bound by the acts or doings of A. J. Shirk & Co. the same as if it had authorized A. J. Shirk & Co. to act as its agent or representative before A. J. Shirk & Co. acted in behalf of defendant, if it did so act. Unless you find by the greater weight of all the evidence in this case that A. J. Shirk and Company were authorized by defendant to sell and put in place the Barrett Specification roof on the school building at Natoma, Kansas, or that the defendant accepted or ratified the acts, if any, of A. J. Shirk & Company in its behalf your verdict should be for the defendant, notwithstanding you should also find said roof was negligently constructed and the material furnished was defective."

The evidence has been summarized and need not here be repeated. It is sufficient to say that the evidence warranted the instructions that were given concerning agency.

4. The defendant says that "the trial court erred in its instructions in submitting to the jury the question as to whether there was a contract between plaintiff and defendant, when the only evidence they have is in the shape of letter passing be-

tween the parties." The difficulty with the defendant's statement is that the evidence, which has been outlined, other than the letter, tended to show that there was a contract between the plaintiff and the defendant. That evidence showed various acts and was contained in the bond and in other letters. It was proper for the court to submit to the jury the evidence for the purpose of determining whether or not a contract had been made.

The judgment is affirmed.